UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEYBANK NATIONAL ASSOCIATION,

                Plaintiff,

– against –

DIRECT BUILDING PRODUCTS CORP., and YOEL DEEN,

                Defendants.

**ORDER**

20 Civ. 559 (ER)

Ramos, D.J.:

On September 17, 2021 the Court held a hearing on Defendants' motion to vacate the default judgment in this matter. For the following reasons and for the reasons stated on the record, Defendants' motion is DENIED.

A motion to set aside a default judgment is committed to the trial court's discretion, but several factors should be considered: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983).

The Court finds that there is clear and convincing evidence in the record that Defendants' default and subsequent failure to bring this motion until August 23, 2021 was willful, because they had actual notice of the suit against them well prior to May 2021. *See, e.g.*, Docs. 12–13 (affidvaits of service); Doc. 32-1 at Ex. C (certified mail receipt dated July 31, 2020 showing acceptance of the notice of default judgment); Doc. 32-1 at Ex. F (email from Defendant's former counsel dated November 24, 2020, stating he "represent[s] Direct Building Products. Let me review with the client and get back to you next week."); Doc. 32-1 at Ex. H (email dated

February 1, 2021 from Defendant's former counsel stating that, while "I do not represent Mr. Deen" he would "reach out and get a status on this matter"); Doc. 32-1 at Ex. J (signed certified mail receipt dated February 23, 2021 regarding Mr. Deen's notice of deposition); Doc. 32-1 at Ex. K (Email from Defendant's former counsel dated March 1, 2021 stating that he thought they had agreed to reschedule his client's deposition).  Similarly, Plaintiff's counsel stated at the September 17, 2021 hearing that Defendants never raised any objections on the merits until this motion was filed.  Accordingly, the Court finds that Plaintiff would be prejudiced by allowing the case to reopen following its nearly year-long efforts to collect on the judgment, which has included efforts to domesticate this judgment in the District of New Jersey.

For these and the reasons stated on the record at the September 17, 2021 hearing, Defendants' motion is DENIED.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 30.

It is SO ORDERED.

Dated:  September 17, 2021
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.